IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>    Plaintiff,<br><br>    **v.**<br><br>**LOTZI DIGITAL, INC. and A PARNERSHIP CONSISTING OF ADAM CAROLLA, DONNY MISRAJE, KATHEE SCHNEIDER-MISRAJE, SANDY GANZ AND DOES 1-10, INCLUSIVE dba "ACE BROADCASTING" and/or "CAROLLA DIGITAL",**<br><br>    Defendants. | **CIVIL ACTION NO. 2:13-cv-00014**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action for patent infringement in which Personal Audio, LLC ("Personal Audio") makes the following allegations against Lotzi Digital, Inc. ("Lotzi Digital") and a Partnership consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and DOES 1-10, inclusive, which has upon information and belief, been doing business under the names "ACE Broadcasting" and/or "Carolla Digital" (hereinafter "Partnership").

**PARTIES**

2.      Plaintiff Personal Audio ("Plaintiff" or "Personal Audio") is a Texas limited liability company with its principal place of business at 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.

3.      On information and belief, Lotzi Digital is a California corporation with its principal place of business at 1925 Century Park East, Twenty Second Floor, Los Angeles, CA 90067.  On information and belief, Lotzi Digital can be served through its registered agent,

Jackoway Tyerman Wertheimer Austen Mandelbaum Morris & Klein, A Professional Corporation, 1925 Century Park East, 22nd Fl, Los Angeles, CA 90067.

4.      On information and belief, a partnership of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and DOES 1-10, inclusive ("the Partnership") is an oral partnership organized under the laws of the State of California. On information and belief, the Partnership was formed at some point around the time Adam Carolla made the switch from broadcasting to podcasting his show.  Upon information and belief, the Partnership can be served at its principal place of business of the Partnership, which has been and continues to be, located at 10061 Riverside Drive #276, Toluca Lake, California 91602, as clearly shown on the contact webpage contained in the website for the Adam Carolla Show, http://adamcarolla.com/contact-adam-carolla/.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed acts of patent infringement in this district.

7.      On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## BACKGROUND FACTS

8.      On January 7, 2013, Plaintiff filed its Original Complaint for Patent Infringement against "ACE Broadcasting Network, LLC."  At the time, Plaintiff believed that this entity was the proper Defendant, since the alleged infringing Adam Carolla podcast had been marketed on its web site under the name "ACE Broadcasting."  For example, the Contact page from the web

site www.AdamCarolla.com showed frequent use of "ACE Broadcasting," including a copyright notice styled as "©2009-2012 ACE Broadcasting."

9.     Adam Carolla confirmed that the correct entity had been sued during his podcast of January 17, 2013.  He explicitly discussed the patent lawsuit during his podcast, stating (for example) "I found out a few days back that there is a lawsuit against this company . . . ."

10.     Plaintiff made multiple attempts to serve the complaint and summons on ACE Broadcasting Network.  Plaintiff initially attempted personal service at the address for the partnership, 10061 Riverside Drive #276, Toluca Lake, California 91602, which was refused by the person there.  Plaintiff then attempted to personally serve the complaint and summons at the studio where the Adam Carolla Podcast is recorded in Glendale, CA. However, Plaintiff was denied access to the studio by a security guard.

11.     Finally, on March 8, 2013 service of the summons and complaint was effectuated in accordance with the Federal Rules of Civil Procedure. However, no answer was ever served in response to Plaintiff's Original Complaint.

12.     Instead, on April 23, 2013, counsel, Erin E. Brady of Neufeld, Marks & Gralnek, (presumably representing at least Adam Carolla and/or the Partnership) sent a fax to Mr. Papool Chaudhari, counsel for Plaintiff. In that fax, counsel for Carolla indicated that ACE Broadcasting Network, LLC was not affiliated with the Adam Carolla podcast, despite the repeated use of "ACE Broadcasting" on the web site. A true and correct copy of that faxed letter is attached hereto as Exhibit B.

13.     Despite the clear notice of the patent claims to Carolla, counsel for Carolla Ms. Brady did not offer the correct entities and instead explicitly stated that they were not authorized to accept service of process.  The relevant Carolla entities chose not to answer the original complaint (and make any needed corrections to the entities within the suit) despite having a copy of the summons and Mr. Carolla's obvious knowledge of the lawsuit and belief that his company had been sued.

14.     The relevant Carolla entities have not contacted any representative of Plaintiff seeking a license.  Despite have notice of the relevant patent claims at least since January 17, 2013, the relevant Carolla entities have not contacted any representative of Plaintiff explaining any defense or legal obstacle to Plaintiff's claims of patent infringement.

[3]

15.     After receiving the April 23, 2013 communication referenced above, counsel for Plaintiff found a lawsuit pending between the various partners associated with the Adam Carolla podcasts.  Now Plaintiff brings this First Amended Complaint using that lawsuit as a roadmap to name the correct entities with respect to patent infringement upon information and belief.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,112,504**

16.     Plaintiff is the owner of United States Patent No. 8,112,504 B2 ("the '504 patent") entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence."  The '504 Patent issued on February 7, 2012.  A true and correct copy of the '504 Patent is attached as Exhibit A.

17.     The '504 patent is directed to an audio program and message distribution system in which a host system transmits information regarding episodes to client subscriber locations. Upon information and belief, Defendants have been and now are directly infringing in the State of Texas within this judicial district, and elsewhere in the United States, by, among other things, using an apparatus that infringes at least claim 31 of the '504 patent.

18.     Defendants are thus jointly and severally liable for infringement of the '504 Patent pursuant to 35 U.S.C. § 271.  Defendants provide a podcast of several different shows, including for example, "The Adam Carolla Show" podcast available on the website AdamCarolla.com.  Upon information and belief, Defendants use servers, data storage and other Internet hardware and software in a manner that directly and literally infringes claim 31.  In the alternative, because the manner of use by Defendants differs in no substantial way from language of claim 31, if Defendants are not found to literally infringe, Defendants infringe under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.     A judgment in favor of Plaintiff that Defendants have infringed the '504 Patent;

2.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '504 Patent as provided under 35 U.S.C. § 284;

3.      An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of the Original Complaint, as provided under 35 U.S.C. § 284;

4.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

5.      Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**PERSONAL AUDIO, LLC**

*/s/ Papool S. Chaudhari*

Dated:  May 10, 2013              By:  _____
                                        Papool S. Chaudhari
                                        Texas State Bar No. 24076978
                                        **Reyes | Browne | Reilley**
                                        5950 Berkshire Lane, Suite 410
                                        Dallas, TX 75225
                                        Phone: (214) 526-7900
                                        Fax: (214) 526-7910
                                        papool@reyeslaw.com

                                        Jeremy S. Pitcock
                                        PITCOCK LAW GROUP
                                        1501 Broadway, 12th Floor
                                        New York, NY 10036
                                        (646) 571-2237
                                        jpitcock@pitcocklawgroup.com

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **PERSONAL AUDIO, LLC**

[5]