**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC**<br><br>    Plaintiff,<br><br>v.<br><br>**LOTZI DIGITAL, INC. and A PARTNERSHIP CONSISTING OF ADAM CAROLLA, DONNY MISRAJE, KATHEE SCHNEIDER-MISRAJE, SANDY GANZ AND DOES 1-10, INCLUSIVE dba "ACE BROADCASTING" and/or "CAROLLA DIGITAL",**<br><br>    Defendants. | **Civil Action No. 2:13-cv-00014-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT LOTZI DIGITAL, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Lotzi Digital, Inc. ("Lotzi Digital"), by and through its undersigned counsel, hereby submits the following Answer, Defenses and Counterclaims to Plaintiff Personal Audio, LLC's ("Personal Audio") First Amended Complaint for Patent Infringement ("Complaint" or "Dkt. No. 5"). Except as expressly admitted herein, Lotzi Digital denies all allegations in the Complaint

1.    Lotzi Digital admits that this is an action for patent infringement and that Personal Audio asserts allegations against Lotzi Digital and "a Partnership consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and DOES 1-10." Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 1 of the Complaint.

## PARTIES

2.     Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies those allegations.

3.     Lotzi Digital admits that it is a corporation organized under California law and having a principal place of business at 1925 Century Park East, Twenty Second Floor, Los Angeles, CA 90067.  Lotzi Digital admits that it was served with summons.  Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 3 of the Complaint.

4.     Lotzi Digital denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     The allegations of Paragraph 5 of the Complaint regarding whether this action arises under the patent laws of the United States, Title 35 of the United States Code, and whether this Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) are legal conclusions to which no response is required.  To the extent a response is required, Lotzi Digital admits that Personal Audio purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that Personal Audio purports that this Court has subject matter jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a), but otherwise denies the remaining allegations in Paragraph 5 of the Complaint.

6.     Lotzi Digital admits for purposes of this action that venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1400(b), but submits that there are more convenient fora for this litigation.  Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 6 of the Complaint.

7.     For purposes of this lawsuit only, Lotzi Digital admits that this Court has personal jurisdiction over Lotzi Digital. Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 7 of the Complaint.

## BACKGROUND FACTS

8.     Lotzi Digital admits that the docket sheet in this lawsuit reveals that Plaintiff filed its Original Complaint on January 7, 2013. Except as expressly admitted, Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and therefore denies those allegations.

9.     Lotzi Digital admits that Adam Carolla has mentioned this patent lawsuit in a podcast. Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 9 of the Complaint.

10.    Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and therefore denies those allegations.

11.    Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore denies those allegations.

12.    Lotzi Digital admits that a letter from Erin E. Brady at Neufeld, Marks & Gralnek is attached as Exhibit B to the Complaint, but states that the letter speaks for itself. Except as expressly admitted, Lotzi Digital denies the allegations in Paragraph 12 of the Complaint.

13.    Lotzi Digital denies the allegations in Paragraph 13 of the Complaint.

14.    Lotzi Digital denies the allegations in Paragraph 14 of the Complaint.

15.     Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies those allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

16.     Lotzi Digital admits that U.S. Patent No. 8,112,504 ("the '504 patent") is entitled "System for Disseminating Media Content Representing Episodes in a Serialized Sequence," that the '504 patent issued on February 7, 2012, and that what purports to be a copy of the '504 patent was attached as Exhibit A to the Complaint.  Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and therefore denies those allegations.

17.     To the extent that the allegations in Paragraph 17 of the Complaint are directed to Lotzi Digital, they are denied.  To the extent that the allegations in Paragraph 17 of the Complaint are directed to the alleged Partnership (as defined in Paragraph 4 of the Complaint), Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

18.     To the extent that the allegations in Paragraph 18 of the Complaint are directed to Lotzi Digital, they are denied.  To the extent that the allegations in Paragraph 18 of the Complaint are directed to the alleged Partnership (as defined in Paragraph 4 of the Complaint), Lotzi Digital is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies those allegations.

## PRAYER FOR RELIEF

1)     Denied.

2)     Denied.

    3)      Denied.

    4)      Denied.

    5)      Denied.

## AFFIRMATIVE DEFENSES

1. The '504 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

2. Lotzi Digital does not infringe any valid claim of the '504 Patent either literally or under the doctrine of equivalents.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff cannot prove that this is an exceptional case under 35 U.S.C. § 285.

5. Plaintiff's claims for damages and costs are statutorily limited, at least, by 35 U.S.C. §§ 286, 287, and/or 288.

6. Upon information and belief, Plaintiff's claims are barred under principles of laches, waiver, unclean hands and/or estoppel.

7. Lotzi Digital reserves the right to add any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims, Lotzi Digital ("Lotzi Digital") avers as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

2. This Court has personal jurisdiction over Personal Audio because, *inter alia*, Personal Audio has subjected itself to the jurisdiction of this Court by filing the present action.

3. In view of Personal Audio's filing of this action, venue for adjudication of these Counterclaims is proper in this District pursuant to 28 U.S.C. § 1391.

**DEFENDANT LOTZI DIGITAL, INC.'S ANSWER, DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 5**

## THE PARTIES

4. Lotzi Digital is incorporated under the laws of the state of California, and has its principal place of business in Los Angeles, at 1925 Century Park East, Twenty Second Floor, Los Angeles, CA  90067.

5. On information and belief, Personal Audio is a Texas limited liability company with its principal place of business at 3827 Phelan Blvd., Suite 180, Beaumont, Texas 77707.

6. Personal Audio alleges that it is the owner of U.S. Patent No. 8,112,504 ("the '504 Patent").

## COUNT I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 8,112,504

7. Lotzi Digital repeats and realleges the allegations in Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. There is a substantial and continuing controversy between Lotzi Digital and Personal Audio resulting from Personal Audio's assertion of infringement of the '504 Patent.

9. Lotzi Digital does not infringe any valid and/or enforceable claim of the '504 patent either literally or under the doctrine of equivalents.

10. Lotzi Digital therefore seeks a judicial declaration that it has not infringed, and does not infringe, any claim of the '504 Patent.

## COUNT II: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 8,112,504

11. Lotzi Digital repeats and realleges the allegations in Paragraphs 1-10 of its Counterclaims as if fully set forth herein.

12. There is a substantial and continuing controversy between Lotzi Digital and Personal Audio resulting from Personal Audio's assertion of infringement of the '504 Patent.

13. The claims of the '504 Patent are invalid for failure to satisfy one or more requirements under the patent laws of the United States, as set forth in Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims of the '504 patent are invalid under §§ 102 and 103 in view of the prior public use and prior invention of the claimed subject matter by Internet Talk Radio.

14. Lotzi Digital therefore seeks a judicial declaration that the claims of the '504 Patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Lotzi Digital prays that this Court enter judgment:

a) that the claims of the '504 Patent are invalid;

b) that no valid claim of the '504 Patent has been infringed by Lotzi Digital;

c) that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding to Lotzi Digital its reasonable attorneys' fees; and,

d) awarding to Lotzi Digital such further relief as this Court may deem necessary, just, and/or proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38, Lotzi Digital hereby respectfully demands a trial by jury of all issues and claims so triable.

Respectfully submitted,

/s/ John M. Jackson
David Folsom
Texas State Bar No. 07210800
dfolsom@jw.com
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT LOTZI DIGITAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, July 10, 2013.

/s/ John M. Jackson
John M. Jackson