**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **PERSONAL AUDIO, LLC**<br><br>        Plaintiff,<br><br>v.<br><br>**LOTZI DIGITAL, INC. and A PARTNERSHIP CONSISTING OF ADAM CAROLLA, DONNY MISRAJE, KATHEE SCHNEIDER-MISRAJE, SANDY GANZ AND DOES 1-10, INCLUSIVE dba "ACE BROADCASTING" and/or "CAROLLA DIGITAL",**<br><br>        Defendants. | **Civil Action No. 2:13-cv-00014-JRG-RSP**<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANT LOTZI DIGITAL, INC.'S RULE 21 MOTION TO DROP PLAINTIFF'S CLAIMS AGAINST NON-EXISTENT ALLEGED PARTNERSHIP, OR ALTERNATIVELY, TO STAY THIS CASE PENDING RESOLUTION OF STATE COURT LITIGATION**</u>

Pursuant to Federal Rule of Civil Procedure 21 and the Court's equitable powers, Defendant Lotzi Digital, Inc. ("Lotzi") respectfully files this Motion to Drop Plaintiff's Claims Against a Non-Existent Alleged Partnership, Or Alternatively, to Stay This Case Pending Resolution of State Court Litigation.  More specifically, Lotzi requests that the Court drop the claims in Plaintiff Personal Audio, LLC's ("Plaintiff") Amended Complaint against "a partnership consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and Does 1-10" (hereafter "Alleged Partnership").  As explained below, the Alleged Partnership exists only in the minds of several members of the Alleged Partnership who have sued Lotzi in California State Court and whose interests are thus directly adverse to Lotzi.  Requiring Lotzi to work together with the Alleged Partnership to defend the claims in this case will create substantial uncertainty and confusion with respect to the defense of this litigation and is thus highly prejudicial to Lotzi.   Alternatively, and for similar reasons, Lotzi requests that the Court exercise its equitable powers to stay this case.

## I.
## BACKGROUND AND INTRODUCTION

On January 7, 2013 Plaintiff filed its Original Complaint against Ace Broadcasting Network, LLC ("Ace") alleging that podcasts of "The Adam Carolla Show" infringed its patent. *See* Dkt No. 1 ("Original Complaint").  On May 10, 2013, Plaintiff filed an Amended Complaint that, among other things, removed Ace as a defendant, and added similar patent infringement claims against Defendant Lotzi as well as "a partnership consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and Does 1-10, inclusive." *See* Dkt No. 5 at ¶ 4. The Amended Complaint states, among other things, that "counsel for Plaintiff found a lawsuit pending between the various partners associated with Adam Carolla podcasts," and used "that

lawsuit as a roadmap to name the correct entities with respect to patent infringement . . . ." *See* Dkt. No. 5 at ¶ 15.

The lawsuit referenced in the Amended Complaint was filed on January 17, 2013, and is styled *Donny Misraje, et al. v. Adam Carolla, et. al.*, case number BC499379.  That case is currently pending before the Superior Court of the State of California for Los Angeles County (the "California State Court Lawsuit").  The California State Court Lawsuit involves several disgruntled former employees of Lotzi—including Donny Misraje ("Misraje"), Kathee Schneider-Misraje, and Sandy Ganz— all of whom live in Los Angeles County, California (the "California Plaintiffs").  In their lawsuits, former employees Donny Misraje and Sandy Ganz[1] allege that they formed an undocumented oral partnership with Adam Carolla ("Carolla").  Ex. A, California State Court Original Complaint at ¶¶ 6-9.   Lotzi and Carolla have unconditionally denied the existence of the Alleged Partnership.  Ex. B, California State Court Answer.

Meanwhile, in this case, summons were issued for Lotzi and the Alleged Partnership on May 10, 2013.  On August 1, 2013, Plaintiff filed an "Affidavit of Service" (the "Return") which states that Donny Misraje ("Misraje") had been personally served with a copy of Plaintiff's Amended Complaint and the summons.  *See* Dkt No. 16.   The Return further suggests that Misraje "stated [he was] authorized to accept service" on behalf of the Alleged Partnership.  *See* Dkt No. 16.   Plaintiff has not requested issuance of summonses for the alleged partners individually and represents its belief that service has been properly accomplished on the Alleged Partnership.  *See* Dkt. Nos. 6, 16.

**II.**
**ARGUMENT AND AUTHORITY**

---
[1] Plaintiff appears to allege that Kathee Schneider-Misraje is also an alleged partner, however, Ms. Schneider-Misraje does not herself allege that she is a member of the Alleged Partnership in the California State Court Lawsuit. Ex. A, California State Court Original Complaint at ¶ 46.

**DEFENDANT LOTZI DIGITAL, INC.'S RULE 21 MOTION TO DROP PLAINTIFF'S CLAIMS AGAINST NON-EXISTENT ALLEGED PARTNERSHIP, OR ALTERNATIVELY, TO STAY THIS CASE PENDING RESOLUTION OF STATE COURT LITIGATION**– Page 2

## A.        The Alleged Partnership is Fictional and Nonexistent

The Alleged Partnership is fictional and non-existent.  The Alleged Partnership exists only in the minds of the disgruntled former employees in the California State Court Lawsuit and as parroted by Personal Audio in this lawsuit.  The Alleged Partnership has no partnership agreement, no secretary of state filings, no tax id number, no letterhead, no invoices, nor any other documents evidencing its existence.  The *only* document suggesting that the Alleged Partnership exists is the Original Complaint filed in the California State Court Lawsuit.  *See* Ex. A.  In fact, when Plaintiff filed its Original Complaint in this case, the California State Court Lawsuit—and thus any reference to the Alleged Partnership—did not exist.

Plaintiff has sued a fictional and non-existent entity for patent infringement and now claims that the fictional and non-existent entity has been served with process.  Plaintiff has even invented a "principal place of business" for the Alleged Partnership by referencing the contact address listed for the "Adam Carolla Show" on its website.[2]  *See* Dkt. No. 5 at ¶ 4.  Nowhere, however, does the website reference a partnership of any kind, much less associate an address with the Alleged Partnership.  *See* www.adamcarolla.com/contact-adam-carolla.  Accordingly, Plaintiff's "service" of the Alleged Partnership was allegedly achieved—not through service at the address listed in the Amended Complaint or Summons—but through individual service of Misraje.  *See* Dkt. No. 16.  Because the Alleged Partnership is fictional and non-existent, it has no members, no representatives, no counsel, no partners, no employees, no assets, and no tangible or intangible existence whatsoever.

## B.        The Presence of the Alleged Partnership In This Lawsuit Creates Hardship, Prejudice, Uncertainty, and Confusion

[2] http://adamcarolla.com/contact-adam-carolla/

Plaintiff's Amended Complaint lacks any facts concerning the Alleged Partnership's role in the alleged patent infringement.  Nor does the Amended Complaint explain how that role is distinguished from the infringement alleged against Lotzi.  Yet, Plaintiff claims that the Alleged Partnership and Lotzi are "jointly and severally liable for infringement of the '504 Patent."  Dkt No. 5 at ¶ 18.  Plaintiff's allegations against a non-existent fictional entity, and its purported service of the same, has created a perpetual environment of confusion and uncertainty with respect to the joined parties in this case that directly affects Lotzi.

For example, it is unclear who will represent the Alleged Partnership.  Though Mr. Doll has filed "Unopposed Applications for Extension of Time to Answer" on behalf of the Alleged Partnership, Mr. Doll represents only a portion of the alleged partners, and is directly adverse to others in the California State Court Lawsuit.  *See* Ex. A at p. 23.  It is also unclear whether all of the alleged partners even have notice that this lawsuit exists because at least ten fictitiously-named parties (Does 1-10) are ostensibly members of the Alleged Partnership.  *See* Dkt. No. 5

Worse yet, it is unclear whether Plaintiff's allegations regarding (1) the purported existence of the Alleged Partnership and (2) patent infringement, will require the alleged partners—none of which except Misraje have been individually served with process—to defend allegations in Texas, even though they each ostensibly reside in Los Angeles County, California.  *See* Ex. A ¶¶ 6-9.  Accordingly, the uncertainty concerning the identity of the parties joined in this lawsuit creates ongoing prejudice to Lotzi in its defense of Plaintiff's claims.  For example, Lotzi's ability to consider whether to bring a motion to transfer venue under 28 U.S.C. § 1404(a) is complicated by the uncertainty concerning the proper defendants in this lawsuit.

Finally, Lotzi has been accused of being "jointly and severally" liable with the Alleged Partnership for patent infringement.  Thus, in addition to the administrative difficulties arising

out of being required to jointly defend a patent infringement lawsuit with a fictional and non-existent entity composed of indefinite and absentee representatives and counsel whose interests are directly adverse to Lotzi's, Lotzi must also unravel substantive allegations of infringement against it, which allegations purportedly include the Alleged Partnership.

## C.     Plaintiff's Claims Against the Alleged Partnership Should be Dropped

Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. " Rule 21 "permits the district court to add or drop parties upon motion or its own initiative." *E.E.O.C. v. Brown & Root, Inc.*, 688 F.2d 338, 341 (5th Cir. 1982). The determination is focused on equitable principles and is within the "wide discretion" of the District Court. *Id.*

The Court should exercise its broad discretion in this case by dropping the Plaintiff's allegations against the Alleged Partnership. Lotzi's ability to defend Plaintiff's claims is prejudiced by the presence of the fictitious and non-existent Alleged Partnership. At least for the reasons outlined above, and likely for more reasons not yet apparent, the administration of this case is needlessly complicated by Plaintiff's joinder of the Alleged Partnership. This is especially true considering that Plaintiff's substantive claims against Lotzi are intermingled with its claims against the Alleged Partnership. *See* Dkt No. 5 at ¶ 18. As long as the Alleged Partnership is a party in this lawsuit, Lotzi faces onerous and prejudicial difficulties in, at the very least, (i) coordinating its defense, (ii) investigating Plaintiff's allegations, (iii) negotiating schedules, agreed orders, and substantive matters, (iv) serving papers, (v) investigating potential additional defenses, counterclaims, and crossclaims; and (vi) participating in meet and confers required by the Local Rules and other orders that will be entered by the Court.

Moreover, a resolution of the disputed existence of the Alleged Partnership is a threshold issue to substantive issues of patent infringement asserted against the non-existent and fictitious Alleged Partnership.  In fact, the disputed partnership issues are currently being litigated before the California State Court, where all named (or better, non-fictitiously named) alleged partners are presently participating as parties.  At a minimum, the Alleged Partnership should be severed from this lawsuit, pending the resolution of the California State Court Lawsuit.  Indeed, developments in the California State Court Lawsuit may clarify or ease the uncertainty and administrative difficulties faced by Lotzi in its defense of this case.

**D.**     **Alternatively, This Case Should Be Stayed**

In the alternative, if the Court chooses not to exercise its discretion to drop the non-existent Alleged Partnership from this case, then the case should be stayed pending the resolution of the California State Court Lawsuit.  Generally, federal courts have a duty to exercise the jurisdiction conferred upon them by Congress. *Wilson v. Valley Electric Membership Corp.*, 8 F.3d 311 (5th Cir.1993).  However, a number of abstention doctrines have been recognized by the Supreme Court that concentrate on the intermingling of state and federal court proceedings. *See, e.g., Burford v. Sun Oil Company*, 319 U.S. 315 (1943); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

For instance, the *Burford* doctrine focuses on whether a Plaintiff's claim is "in any way entangled in a skein of state law that must be untangled before the federal case can proceed." *Sierra Club v. City of San Antonio*, 112 F.3d 789, 795 (5th Cir. 1997).  Here, state law entanglement exists in Plaintiff's claim that a non-existent Alleged Partnership has jointly infringed its patent with Lotzi.  Before the California State Court Lawsuit, no such partnership had anywhere ever been referenced.  However, due to the filing of that lawsuit, not only has the

non-existence of the Alleged Partnership been challenged, but fifteen-hundred miles away, the non-existent Alleged Partnership has become a party to this case.  If the Alleged Partnership is not dropped from this lawsuit, the Court should stay the action pending confirmation from the California State Court that the Alleged Partnership is purely a fiction.

The *Burford* doctrine does not focus solely on whether a Plaintiff's claim is based on state or federal law or whether the federal court is exercising its diversity or federal question jurisdiction.  *Sierra Club*, 112 F.3d at 795; *Koerner v. Garden Dist. Ass'n*, 78 Fed. Appx. 960, 963 (5th Cir. 2003).   Rather, "[w]here timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings . . . where the exercise of federal review of the questions in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Koerner*, 78 Fed. Appx. at 963.

Five factors have been identified to consider in making this determination: (1) whether the cause of action arises under state or federal law; (2) whether the case requires inquiry into unsettled issues of state law or into local facts; (3) the importance of the state interest involved; (4) the state's need for a coherent policy in the area; and (5) the presence of a special state forum for judicial review.  *Koerner*, 78 Fed. Appx. at 963.  Here, all five of these factors favor a stay.

While Plaintiff's causes of action are for Federal patent infringement under 35 U.S.C. § 271, a threshold question of state law exists concerning of the identity of the parties accused of that infringement, and their role in the accused infringement.  Because the Alleged Partnership does not exist, Lotzi could not have jointly participated in the alleged infringing activities with the phantom entity.   Resolution of the California State Court Lawsuit would resolve this outstanding threshold question.

Should this Court embark on its own resolution of the threshold dispute concerning the non-existence of the Alleged Partnership—unfairly in the absence of any of the alleged partners except Misraje— the inquiry would involve the analysis of California state partnership law and a review of the local facts that are currently before the California State Court. *See generally*, Ex. A. California is home to the facts, the law allegedly governing the formation of the Alleged Partnership, and all of the alleged partners. Clearly, California has an important interest in maintaining coherent policy concerning the existence (or non-existence as the case is here) of business organizations allegedly formed among its residents and within its jurisdiction. Finally, not only is there a forum for judicial review of disputes concerning the formation of California partnerships, the jurisdiction of that forum has actually been invoked in this case in the California State Court Lawsuit. Therefore, under the consideration in *Burford*, a stay in this case is appropriate.

Additionally, applying considerations of judicial efficiency, district courts around the country have routinely granted stays where the resolution of state court litigation would assist a federal courts' determination of the issues before it. *See, e.g., Janopaul Block Companies, LLC v. St. Paul Fire and Marine Ins. Co.*, 830 F. Supp. 2d 976 (S.D. Cal. 2011); *Playboy Enterprises Intern., Inc. v. Play Berverages,* LLC, No. 13 C 0826, 2013 WL 2151557 (N.D. Ill. May 15, 2013); *Maryland Cas. Co. v. Shayatovich*, 2012 WL 6626808 (E.D. Mo. Dec. 19, 2012); *Atterbery Truck Sales, Inc. v. Navistar, Inc.*, No. 12-0497, 2012 WL 2952762 (W.D. La Jul. 16, 2012); *FinServe Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662 (S.D. Tex. 2010); *Townson v. Crain Bros., Inc.*, No. 06-10545, 2007 WL 2402634 (E.D. La. Aug. 17, 2007). Though the circumstances of this case are unique, a stay is nevertheless appropriate in consideration of judicial efficiency and fairness to the extant parties joined to this lawsuit.

### III.
### CONCLUSION

It is both inequitable and prejudicial to require Lotzi to defend against Plaintiff's patent infringement claims along with a fictional and non-existent Alleged Partnership whose interests are directly adverse to Lotzi's.   Lotzi should not be required to bear the administrative and substantive difficulties in its defense due to Plaintiff's inartful pleading and service on an imaginary entity.   Therefore, and in remediation of the foregoing, Lotzi prays that the Court drop the misjoined claims against the Alleged Partnership, or in the alternative stay the case pending the resolution of the California State Court Lawsuit.

Respectfully submitted,

*/s/ Matthew C. Acosta*
David Folsom
Texas State Bar No. 07210800
dfolsom@jw.com
John M. Jackson
Texas State Bar No. 24002340
jjackson@jw.com
Matthew C. Acosta
Texas State Bar No. 24062577
macosta@jw.com
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas  75202
Telephone: (214) 953-6000
Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT
LOTZI DIGITAL, INC.**

## CERTIFICATE OF CONFERENCE

This is to certify that on September 19, 2013 the undersigned counsel for Lotzi Digital, Inc. conducted a conference with Plaintiff's counsel, Papool Chaudhari, concerning the merits of the foregoing motion.  Plaintiff's counsel indicated that Plaintiff was opposed to the relief requested in the motion.

*/s/ Matthew C. Acosta*
Matthew C. Acosta

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented

to electronic service were served with a true and correct copy of the foregoing by first class mail today, September 19, 2013.

/s/ Matthew C. Acosta
Matthew C. Acosta