UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PERSONAL AUDIO, LLC,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**LOTZI DIGITAL, INC. and A PARTNERSHIP CONSISTING OF ADAM CAROLLA, DONNY MISRAJE, KATHEE SCHNEIDER-MISRAJE, SANDY GANZ AND DOES 1-10, INCLUSIVE dba "ACE BROADCASTING" and/or "CAROLLA DIGITAL",**<br><br>      **Defendants.** | **Civil Action No. 2:13-CV-0014-JRG-RSP**<br><br>(Consolidated for Pre-Trial with: Civil Action Nos. 2:13-cv-00013; 2:13-cv-00015; 2:13-cv-00270; and 2:13-cv-00271)<br><br>**JURY TRIAL DEMANDED** |

### ANSWER OF A PARTNERSHIP CONSISTING OF ADAM CAROLLA, DONNY MISRAJE AND SANDY GANZ TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant "A Partnership Consisting of Adam Carolla, Donny Misraje and Sandy Ganz," erroneously sued herein as "A Partnership Consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje and Sandy Ganz," ("Partnership"), by and through its undersigned counsel, hereby submits the following Answer to Plaintiff Personal Audio, LLC's ("Plaintiff") First Amended Complaint for Patent Infringement ("FAC"). Except as specifically admitted herein, the Partnership denies all allegations of the FAC.

1.      The Partnership admits that Plaintiff's FAC seeks relief for patent infringement and makes allegations against "Lotzi Digital, Inc. ("Lotzi Digital") and a Partnership consisting of Adam Carolla, Donny Misraje, Kathee Schneider-Misraje, Sandy Ganz and DOES 1-10, inclusive." Except as specifically admitted, the Partnership denies each and every allegation contained in paragraph 1 of the FAC.

## PARTIES

2.      The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the FAC, and on that basis denies each and every allegation contained therein.

3.      The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the FAC, and on that basis denies each and every allegation contained therein.

4.      To the extent that the allegations of paragraph 4 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto.  To the extent the allegations of paragraph 4 are deemed to be allegations of fact, the Partnership admits that an oral partnership organized under the laws of the state of California between Adam Carolla and Donny Misraje was formed in late March 2009.  The Partnership and Misraje further admit that, on October 12, 2010, the partnership agreement was validly modified by agreement of all existing partners to include Sandy Ganz as a partner.  Except as specifically admitted herein, the Partnership denies each and every allegation contained in paragraph 4 of the FAC.

## JURISDICTION AND VENUE

5.       To the extent that the allegations of paragraph 5 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership denies each and every allegation contained therein, except that it admits that this action purports to arise under the patent laws of the United States.

6.      To the extent that the allegations of paragraph 6 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of

said paragraph are deemed to be allegations of fact, the Partnership denies each and every allegation contained therein.

7.   To the extent that the allegations of paragraph 7 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership denies each and every allegation contained therein.

## BACKGROUND FACTS

8.   The Partnership admits that Plaintiff filed a complaint for patent infringement against "ACE Broadcasting Network, LLC" on January 7, 2013.  The Partnership further admits that, prior to January 2013, www.AdamCarolla.com showed frequent use of "Ace Broadcasting," including a copyright notice styled as "©2009-2012 ACE Broadcasting."  Except as specifically admitted herein, the Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the FAC, and on that basis denies each and every allegation contained therein.

9.   The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the FAC, and on that basis denies each and every allegation contained therein.

10.   The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the FAC, and on that basis denies each and every allegation contained therein.

11.   To the extent that the allegations of paragraph 11 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the FAC, and on that basis denies each and every allegation contained therein, except that Exhibit B to the FAC speaks for itself to the extent that it is a true and correct copy of the item described in said paragraph.

13. To the extent that the allegations of paragraph 13 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. To the extent that the allegations of paragraph 14 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto; to the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. The Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the FAC, and on that basis denies each and every allegation contained therein.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,112,504

16. To the extent that the allegations of paragraph 16 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto. To the extent the allegations

of said paragraph are deemed to be allegations of fact, the Partnership is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, except that Exhibit A to the FAC speaks for itself to the extent that it is a true and correct copy of the item described in said paragraph.

17. To the extent that the allegations of paragraph 17 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto. To the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership denies each and every allegation contained therein.

18. To the extent that the allegations of paragraph 18 of the FAC are deemed to be allegations of law, the Partnership is not required to plead thereto. To the extent the allegations of said paragraph are deemed to be allegations of fact, the Partnership denies each and every allegation contained therein.

**PRAYER FOR RELIEF**

With respect to the "WHEREFORE" clause following paragraph 18 of the FAC, including subparts 1 through 5, the Partnership herein denies that Plaintiff is entitled to any relief, including a judgment against the Partnership, damages, costs, expenses, prejudgment or post-judgment interest, enhanced or punitive damages, or any other relief whatsoever.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

By alleging the affirmative defenses and other defenses below, the Partnership does not in any way acknowledge or concede that it has the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST DEFENSE
### (Failure To State A Claim)

1. The FAC fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Statute of Limitations)

2. The FAC is barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE
### (Estoppel, Waiver, Laches and/or Unclean Hands)

3. The FAC is barred, in part or in whole, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

## FORTH DEFENSE
### (Forum Non Conveniens)

4. The FAC is barred by the doctrine of forum non conveniens.

## FIFTH DEFENSE
### (No Control Over Acts Of Third Parties)

5. Plaintiff's damages were caused, in whole or in part, by the conduct of third parties, over whom the Partnership has no control.

## SIXTH DEFENSE
### (Invalidity)

6. On information and belief, U.S. Patent No. 8,112,504 ("the '504 Patent") is invalid for failure to comply with one or more of the statutory requirements of the United States patent laws, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SEVENTH DEFENSE
### (Prosecution History Estoppel)

7. On information and belief, Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the '504 Patent under the doctrine of equivalents.

## EIGHTH DEFENSE
### (Judicial Estoppel)

8. On information and belief, Plaintiff is estopped from construing any valid and enforceable claim of the '504 Patent to cover or include, either literally or by application of the doctrine of equivalents, any method or product manufactured, used, imported, sold, or offered for sale by the Partnership because of admissions and statements to the United States Patent and Trademark Office during prosecution of the applications leading to the issuance of the '504 Patent and/or the re-examination proceedings, because of any prior statements made in or to any Court, because of any prior rulings of any Court, because of disclosure or language in the specifications and/or limitations in the claims of the '504 Patent, and/or because of Plaintiff's or the '504 Patent's inventor(s) prior conduct.

## NINTH DEFENSE
### (Failure to Mark)

9. On information and belief, Plaintiff's claims for damages are limited and/or barred, in part or in whole, by the failure to mark, by itself or by one or more parties licensed to practice the '504 Patent as required by 35 U.S.C. § 287.

## TENTH DEFENSE
### (Non-Infringement)

10. The Partnership has not infringed and does not infringe any asserted claims of the '504 Patent, either directly, jointly, literally, under the doctrine of equivalents, willfully, or otherwise.

## ELEVENTH DEFENSE
### (Non-Exception Case)

11. The FAC fails for Plaintiff's lack of proof that this is an exceptional case under 35 U.S.C. § 285.

## TWELFTH DEFENSE
### (Limitation of Damages Under 35 U.S.C. §§ 286, 287 and/or 288)

12. Plaintiff's claims for damages and costs are statutorily limited, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288.

## THIRTEENTH DEFENSE
### (Limitation of Damages Under 28 U.S.C. § 1498)

13. Plaintiff's claims for damages are limited and/or barred, in part or in whole, by 28 U.S.C. § 1498.

## FOURTEENTH DEFENSE
### (Failure to Mitigate)

14. Plaintiff's claims for damages are limited and/or barred, in part or in whole, because Plaintiff has failed to mitigate its alleged damages, if any.

## FIFTEENTH DEFENSE
### (Void *Ab Initio*/Lack of Jurisdiction)

15. Assuming *arguendo* that the Partnership is deemed by a court of competent jurisdiction not to exist (although this is expressly denied by the Partnership), Plaintiff's FAC is void *ab initio* and fails for lack of jurisdiction.

## SIXTEENTH DEFENSE
### (Lack of Willfulness)

16. The Partnership has not infringed and does not infringe, willfully or otherwise, on any asserted claims of the '504 Patent. Plaintiff is not entitled to increased damages under 35 U.S.C. § 284.

## RESERVATION OF ADDITIONAL DEFENSES

The Partnership reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil

Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

Dated:  September 19, 2013                     Respectfully Submitted,

By:     */s/ Bijal V. Vakil*
       Bijal V. Vakil
       CA State Bar No.: 192878
       *(Admitted to practice in the Eastern District of Texas)*
       White & Case, LLP
       3000 El Camino Real
       Five Palo Alto Square 9th Floor
       Palo Alto, CA 94306
       Telephone: (650) 213-0300
       Facsimile: (650) 213-8158
       Email: bvakil@whitecase.com

       Gregory L. Doll
       CA State Bar No.: 193205
       (*Admitted Pro Hac Vice*)
       Doll Amir & Eley LLP
       1888 Century Park East, Suite 1850
       Los Angeles, CA  90067
       Telephone: (310) 557-9100
       Facsimile:  (310) 557-9101
       Email: gdoll@dollamir.com

       *Attorneys for Defendant*
       A PARTNERSHIP CONSISTING OF ADAM
       CAROLLA, DONNY MISRAJE AND SANDY GANZ

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 19, 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by First Class U.S. Mail on this same date.

                                                /s/ *Bijal V. Vakil*