IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PERSONAL AUDIO, LLC § | |
| § | |
| v. § | |
| § | |
| LOTZI DIGITAL, INC. and A § | Case No. 2:13-CV-14-JRG-RSP |
| PARNERSHIP CONSISTING OF ADAM § | |
| CAROLLA, DONNY MISRAJE, KATHEE § | |
| SCHNEIDER-MISRAJE,SANDY GANZ § | |
| AND DOES 1-10, INCLUSIVE dba "ACE § | |
| BROADCASTING" and/or "CAROLLA § | |
| DIGITAL" § | |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

Before the Court is Plaintiff Personal Audio's Motion to Dismiss Defendant Lotzi Digital, Inc.'s ("LDI") affirmative defenses and counterclaims for failure to state a claim upon which relief can be granted (Dkt. 14, filed August 5, 2013, referred to herein as the "Motion").

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (U.S. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Personal Audio challenges LDI's affirmative defenses and counterclaims as being insufficient, and asks this Court to dismiss LDI's defenses and counterclaims under Rule 12 of the Federal Rules of Civil Procedure. Specifically, Personal Audio challenges LDI's first affirmative defense, which reads "the '504 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112." Personal Audio further challenges LDI's fourth affirmative defense, which states

that "LDI does not infringe any valid claim of the '504 Patent either literally or under the doctrine of equivalents." Personal Audio also challenges generally LDI's third and fourth affirmative defenses, which in Personal Audio's own words "deal with supposed deficiencies in Plaintiff's case," LDI's two counterclaims "for noninfringement and invalidity," and LDI's sixth affirmative defense, for which "[n]o facts are pleaded." (Mot. at 3-4.) Finally, Personal Audio challenges LDI's fifth affirmative defense, which states "Plaintiff's claims for damages and costs are statutorily limited, at least, by 35 U.S.C. §§ 286, 287, and/or 288."

The Court finds no merit to Personal Audio's argument with regard to LDI's second, third, fourth, and sixth affirmative defenses and LDI's counterclaims, as Personal Audio is clearly on notice as to the substance of those contentions – as evidenced by its own characterization of the defenses recited therein. (*See generally id.*) Adopting the standard Personal Audio suggests would lead to absurd results by implementing a double standard which imposes a heightened pleading requirement on only one side (Defendant) in a patent case. As an example, Personal Audio asks that the Court require LDI to spell out, at the time of filing its answer, in painstaking factual detail, its entire theory of noninfringement, before Personal Audio has set forth the substance of any theory of infringement. This would be unfair and unreasonable, and the Court finds it highly doubtful that such a result was the Supreme Court's goal when deciding the seminal cases regarding pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949-50 (2009) (quoting *Twombly*, 550 U.S. at 555).

With regard to LDI's fourth affirmative defense, the Court observes that a reasonable person would likely read it as setting forth a standard noninfringement affirmative defense. The Court observes, however, that LDI bears the responsibility for any potential vagueness or dual

interpretation present in its answer. With that said, the Court is not convinced that LDI's fourth affirmative defense should be dismissed under Rule 12.

Similarly, LDI's fifth affirmative defense appears, at first glance, to give reasonable notice to Personal Audio of LDI's contentions. Notably, Personal Audio does not contend that it is not on notice as to the substance of LDI's defense, but instead appears to argue that LDI's position is without legal merit. (Mot. at 3.) This is not properly addressed in the context of a motion to dismiss for failure to state a claim. The parties should meet and confer on this issue, and if LDI believes that Personal Audio's position is correct, it may be granted leave to withdraw this claim. If not, the Court may grant Personal Audio leave to file a motion for summary judgment as to this issue.

The Court notes that the pleading standards detailed above do not excuse a party from complying with the requirements of Federal Rule of Civil Procedure 11. Thus, a party is not simply permitted to throw every defense imaginable into an answer and 'see what sticks.' There is no evidence before the Court at this time that any party here has made a statement in a pleading that violates Rule 11. If newly developed facts lead a party to believe that they no longer have a good faith basis for a previously pled claim, counterclaim, or defense is reasonable, the party should promptly remove it from the case.

For the reasons set forth above, the Court **RECOMMENDS** that Personal Audio's Motion to Dismiss Defendant LDI's affirmative defenses and counterclaims for failure to state a claim upon which relief can be granted (Dkt. 14) be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 3rd day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE